IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCORMICK, guardian ad litem for BARBARA McCORMICK,<br><br>    Plaintiff,<br><br>  v.<br><br>PENN TREATY NETWORK AMERICA INSURANCE COMPANY,<br><br>    Defendant<br>_____/ | No. C-07-1711 MMC<br><br>**ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED** |

    Before the Court is defendant Penn Treaty Network America Insurance Company's Notice of Removal, filed March 26, 2007, in which defendant asserts the federal district court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a). In the complaint, plaintiff does not seek any particular amount of damages.

    A federal district court has jurisdiction over removed actions only if such court would have had original jurisdiction over the action had it originally been filed therein. See 28 U.S.C. § 1441(a). The instant action contains no federal claims. Under such circumstances, the federal district court has subject-matter jurisdiction only if the action is between citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

    Defendant's notice of removal asserts that the amount in controversy exceeds $75,000, but fails to submit evidence to support that assertion. As a consequence, defendant has failed to establish diversity jurisdiction. See Gaus v. Miles, 980 F.2d 564,

1  567 (9th Cir. 1992) (holding defendant in removed action "bears the burden of actually
2  proving the facts to support jurisdiction, including the jurisdictional amount.")
3      Accordingly, defendant is hereby ORDERED TO SHOW CAUSE in writing, filed and
4  served no later than April 6, 2007, why the instant action should not be remanded for lack
5  of subject matter jurisdiction. Plaintiff may file a reply to defendant's response to the order
6  to show cause no later than April 20, 2007. The matter will stand submitted on that date,
7  and will be decided without a hearing, unless the Court determines, after reviewing the
8  parties' submissions, that a hearing is necessary. See Civ. L.R. 7-1(b).
9  **IT IS SO ORDERED.**

Dated: March 28, 2007

MAXINE M. CHESNEY
United States District Judge