IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCORMICK, guardian ad litem for BARBARA McCORMICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PENN TREATY NETWORK AMERICA INSURANCE COMPANY,<br><br>　　　　Defendant<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿／ | No. C-07-01711 MMC<br><br>**ORDER REMANDING ACTION** |

　　　　Before the Court is defendant Penn Treaty Network America Insurance Company's ("Penn") response to the Court's March 28, 2007 order to show cause why the above-titled action should not be remanded for lack of subject matter jurisdiction and, in particular, for failure to demonstrate that the amount in controversy in this purported diversity insurance action exceeds $75,000, as required by 28 U.S.C. § 1332(a). See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (1992) ("If it is <u>unclear</u> what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original).

　　　　Penn argues the amount in controversy exceeds $75,000 because more than $80,000 in benefits remain potentially available under plaintiff's long-term care policy. (See Beck Decl. ¶ 3.) Plaintiff correctly argues, however, that, for purposes of determining the

1  amount in controversy, the Court considers only the amount of insurance benefits
2  assertedly due at the time of removal, not the total amount of future benefits available
3  under the policy.  See, e.g., Commercial Casualty Ins Co. v. Fowles, 154 F.2d 884, 886 (9th
4  Cir. 1946) (finding district court lacked subject-matter jurisdiction where amount of disability
5  benefits assertedly due on date complaint was filed did not meet jurisdictional amount;
6  disregarding claim for future benefits); Massachusetts Casualty Ins. Co. v. Harmon, 88
7  F.3d 415, 416-17 (6th Cir. 1996) ("[F]uture potential benefits may not be taken into
8  consideration in the computation of the amount in controversy in diversity actions in Federal
9  District Courts involving disability insurance where the controversy concerns merely the
10 extent of the insurer's obligation with respect to disability benefits and not the validity of the
11 policy.") (internal quotation and citation omitted).

12    Here, plaintiff alleges that Penn stopped paying benefits in August 2005, (see
13 Compl. ¶ 11), and submits evidence that the maximum policy benefit was $80 per day, (see
14 Plaintiff's Response Ex. A).  Assuming, arguendo, plaintiff was entitled to the maximum
15 policy benefit for the entire period from August 1, 2005 to March 26, 2007, the date of
16 removal, plaintiff would be entitled to benefits in the amount of $48,160, a sum that is less
17 than the jurisdictional amount.

18    Penn additionally argues that the amount in controversy meets the jurisdictional
19 requirement because plaintiff "seeks punitive and exemplary damages, attorneys' fees, pre-
20 judgment interest, and costs of suit."  (See Penn's Response to Order to Show Cause at
21 3:2-4.)  As plaintiff points out, however, Penn submits no evidence with respect to the
22 likelihood that such relief would be awarded, much less any evidence with respect to the
23 dollar amounts that likely would be awarded.  Consequently, Penn has failed to meet its
24 "burden of actually proving the facts to support . . . the jurisdictional amount," see Gaus,
25 980 F.2d at 567, and has not demonstrated that the amount in controversy in the instant
26 action exceeds $75,000.  "Federal jurisdiction must be rejected if there is any doubt as to
27 the right of removal in the first instance."  See id.

28    Accordingly, pursuant to 28 U.S.C. § 1447(c), the above-titled action is hereby

1 | REMANDED to the Superior Court for the County of Alameda.

2 | The Clerk shall close the file.

3 | **IT IS SO ORDERED.**

4 | Dated: April 19, 2007

_____
MAXINE M. CHESNEY
United States District Judge